We're going to move now to Appeal 25-2802, Nichole Lutz v. Froedtert Health, Inc. We'll begin with oral argument on behalf of the appellant, Mr. Ho. May it please the court. Yingtao Ho on behalf of the plaintiff, Nichole Lutz, class members, and clerking members. The district court erred by granting summary judgment in favor of Froedtert. I'm going to start by addressing the FLSA overtime computation issue. The question comes down to this. During a week, plaintiff earned $79 more than 40 times the can that $79 count towards compensation owed to her for her overtime hours worked? The party spilled a lot of ink on this question, and I apologize for that, because I think the issue comes down to a single question of statutory interpretation. What does Section 207H2 mean by overtime compensation? The reason for that is this. Froedtert concedes that only 207E5-7 premiums and no other types of remuneration can be credited towards overtime compensation. If Froedtert is right that overtime compensation means 50% of the regular rate, then you can use straight-time pay earned for hour number 5 to offset straight-time pay owed for hour number 45. On the other hand, overtime compensation means every single penny owed to the employee for overtime hours worked, then straight-time pay cannot be used to offset any pay owed to the employee for overtime hours worked. Mr. Hull, the calculation methodologies are being offered are different from the parties. Does Ms. Lutz's proposed calculation methodology result in different compensation for employees who work shift deferential hours during the 40 hours and then after the 40 hours? It does, and I think the FLSA allows that difference because the FLSA is only concerned with the employee receiving the minimum wage for the first 40 hours worked. The FLSA is not concerned whether an employee receives $700 or $800 for the first 40 hours worked. It's only concerned with the minimum wage plus overtime compensation equal to 1.5 times the regular rate. Do you have any case law, any regulations, any DO, Department of Labor guidance that supports your proposed calculation? I think the result is required by the plain language of 207 H2. And I understand that's your argument, but you know whether, I looked and I didn't find any other case law that has blessed your calculation or any Department of Labor guidance, anything, other than your argument about the text of the statute. That is correct, but what I would also say is that the only case to actually substantively consider Frater's argument in a situation where an employee earned more than 40 times the regular rate for their first 40 hours worked is a case called Delfin-Aponte, which is a federal court of claims case, and that case assumed overtime compensation equals 50% of the regular rate, which is contrary to the plain language of the statute. What about the Chavez case from the 10th Circuit? In the Chavez case, the employee received the exact same amount for each hour worked. Therefore, there was no reason to use, there was no need to use straight time pay to offset overtime pay. So going back to- So would we be creating a circuit split with the 10th Circuit if we agree with you? No, you're not, because in Chavez, there was no need to use straight pay to offset overtime compensation. The employee received, I believe, by weekly lump sum payments, there were equally compensation for each hour worked during the week. If we use the exact, we receive exactly the same amount of pay for each hour worked during the week, my proposed method, Frater's proposed method, results in the same amount of overall compensation for a week. So there would not be a circuit split. If Frater's methodology, though, is mirroring the Department of Labor's regulations and has been recognized by other courts, wouldn't that be a safe harbor for us for purposes of interpretation? Are you asking us to use your plain text analysis to overcome that? I'm asking the court to use a plain text analysis to overcome a single court of claims case, Yeltsin-Aponte case. No other case has substantively analyzed how overtime pay should be calculated in this context. What about the DOL fact sheet? The DOL fact sheet, I would submit, is an incorrect interpretation of 207-H2. So we should not rely on it as authority because, to you, its analysis differs from what you believe to be the plain text analysis? Yes. And also, that interpretation is only subject to deference under Skidmore v. 612, and the Department of Labor has not offered any reasoning in support of its interpretation. Therefore, that interpretation should not be held to be persuasive. Going back to the plain language of 207-H2, here the legislative history is very important. In July of 1949, Congress authorized a credit towards premium compensation. In October of 1949, Congress rewrote the statute to authorize a credit towards overtime compensation. Premium means extra. Premium compensation is the extra amount by which overtime compensation exceeds straight-time compensation. Therefore, premium compensation refers to 50% of the regular rate, and overtime compensation refers to 150% of the regular rate. Therefore, under 207-H2, only 207E5-7 premiums can be used to offset overtime compensation equal to 150% of the regular rate. The extra $79 Plaintiff earned for her first 40 hours worked cannot be used to credit towards overtime compensation equal to 150% of the regular rate, leaving her with less than time and a half for her overtime hours worked in violation of 207-H1. I'm now going to move on to the holiday premium exclusion issue under the Fair Labor Standards Act. For the reasons seen in the brief, the district court was wrong when it held the hourly rate of pay means a single rate of pay. The hourly rate of pay is instead a regular rate. Let's go back to the plain language of the 778.203A. There are two groups of employees. There are those who are hired at a single rate, and there are those who were hired for more than one job for which different rates have been established. The plaintiffs, during a single week, receive the same base rate for each hour worked. They may receive up to four different types of premiums. They may receive a premium for working on weekends. They may receive a premium for working evenings. They may receive a holiday premium. They may receive extra pay. It does not make sense to say an employee who performed the same work throughout the week somehow worked five different jobs during the week. On this holiday premium question, the arguments place the case in either one of two categories, and there's disagreement as to which category the plaintiff should be in. Here, it doesn't matter if Freighter's pay for the holiday premium is at a rate in excess of one and a half times the regular rate. It doesn't, but Freighter's rate doesn't reach one and a half times the regular rate. If we did the calculations and that dollar amount actually was greater than one and a half, we'd be wrong. Yes, but it's not. So if you go back to the regulation, though, somebody can't be hired at a single rate of pay, yet be offered the same premium paid employer offers to all of his other employees. Therefore, the plaintiffs fall within the first group of employees recognized by 778.203A. Therefore, they must receive time and a half the regular rate before their holiday premiums can be excluded from the regular rate. In the sample week for elected member Laura Arena, her regular rate for the week was $54 an hour, not $35 an hour. The $62 an hour she earned per holiday hour worked was not time and a half the regular rate, so the premium is not exempt. Moving on to the parallel Wisconsin issue. The parties' disagreement here is whether Wisconsin will recognize a holiday premium as an overtime premium. The court should reject Rader's argument that just because Wisconsin uses a regular rate to compute overtime, Wisconsin also adopted all the FLSA's rules how the regular rate should be computed. Wisconsin also adopted the FLSA definition of hours worked. That's FLSA into Wisconsin law, a provision that would allow a collective bargaining agreement to exempt close changing time from hours worked. That's Piper v. Jones Dairy Farm. Rader cannot distinguish Piper on the ground that DWD 274.05 prohibits a contract from waiving the requirements on hours worked. The reason for that is this. DWD 274.05 only governs the waiver or modification of the of the DWD regulations. Hours worked are governed by 272.12. Therefore, it's not subject to 274.05. Wisconsin did not adopt 203.0 because that provision is not in Wisconsin law, not because 274.05 compelled the result. Moreover, the Wisconsin Department of Workforce Development, the agency responsible for administering the statute, has said that premium pay is a part of the Wisconsin regular rate. The Wisconsin Supreme Court will find that interpretation to be predictive, to be persuasive, because that interpretation is consistent with an old Wisconsin case called Passbrewing v. WRC, which said that a premium for working on holidays literally has nothing to do with overtime. Therefore, Wisconsin would not regard a holiday premium as an overtime premium. And that holiday premium, therefore, must be included in the Wisconsin regular rate. To the extent we have Wisconsin case law, there is a 2011 Wisconsin Court of Appeal decision named Kuhnert, K-U-H-N-E-R-T, that seems to mirror the FLSA approach, doesn't it? It mirrors the FLSA approach for a fluctuating workweek salaried employee. Therefore, it has nothing to do with this case. Kuhnert, that case, by the way, also said that FLSA and Wisconsin law may be different. So just because the Wisconsin method was different from the FLSA does not mean the method is wrong under Wisconsin law. That's near the end of the opinion. So, Frater cannot automatically assume the FLSA and Wisconsin has the same definition of the regular rate. I'd like to reserve the rest of my time for rebuttal. Thank you, Mr. Ho. We'll move now to argument on behalf of the Appellee, Mr. Copeland. Good morning. May it please the Court. The FLSA and Wisconsin state law require employers to pay overtime at the rate of one and one-half times the employee's regular rate for hours over 40 in a workweek. It's very easy when an employee earns one rate each week. It's that rate times one and a half times. When they earn premiums or salaries, it's more complicated. The regulation requires you add up all of the earnings in a workweek divided by the total hours worked. The employee gets 100 percent of their base wages and half of that hourly equivalent for the hours worked over 40. That's what Frater has done in this case. That is supported by Supreme Court precedent, supported by the Department of Labor regulations, Department of Labor guidance, and an online calculator put forth by the Department of Labor. By contrast, Ms. Lutz's method of calculating overtime is not supported by the statute, by the regulations, by the case law. More importantly, it would result in an employer being allowed to pay two employees who work the same number of hours, earning the same premiums in a week, different amounts at the end of the week. Is that based upon the differential, when the differential occurs? Correct, Your Honor. And there is examples in the underlying court's decision and also in our briefing. It seems like it might incentivize the employer to front load the lower paying then in order to manipulate and pay, overall pay a lower amount, which is not what the FLSA would promote. Correct, and that's what the Supreme Court said in Bay Ridge. They thought that was not going to be consistent with the Fair Labor Standards Act to have that type of manipulation allowed by an employer. So it's that possibility for inconsistent outcomes that further demonstrates that Ms. Lutz's method of calculating overtime is incorrect and not supported by the statute. Again, Frederick's method would result in the same pay for those employees in those same weeks, and it's supported by the applicable guidance. And as you noted, Your Honor, there is no other case law to support that alternative method of calculation. Turning to the Holiday Claim, I believe it fares no better. The FLSA and Wisconsin state law set a floor with respect to compensation. Both require employers to pay overtime for hours worked over 40, but it's at least overtime for hours over 40. They also recognize that employers can pay more than that if they'd like to, but they have to follow the specific regulation. And in this case, Frederick follows a federal regulation, 778-203, that allows employers to pay a premium for working on what are called special days, regular days off, weekends, holidays. If an employer follows the regulation and pays the right amount of premium for working a special day, that amount could be excluded from the regular rate of calculation. That regulation divides the universe of employees who receive that premium pay into two groups. The first is a group that's either paid a salary or a single hourly rate. The second is everybody else. Undisputed that Ms. Lutz and the other class members were in that second bucket of employees. They received more than just a base hourly rate. They received a differential. They agreed with you on the interpretation under the FLSA. What's your strongest argument on the holiday pay that we should interpret the Wisconsin rules the same? Because there isn't a lot out there from Wisconsin on this particular issue. Correct, Your Honor. And taking a step back, the Piper versus Jones Dairy Farm case, that's an example of an employer attempting to drop below the floor set by state law. State law requires compensation for all hours worked. The federal law allows employers to negotiate to exclude clothes changing from the compensable work week. We don't have an analog to 2030 under state law. Again, that's an employer attempting to go below the threshold set by the law. Here we have an employer going above and beyond what the law requires. Paying one and a It doesn't talk about what goes into the regular rate, nor does the administrative code provision. So taking that to the extreme, there is an argument that you don't have to add anything into the regular rate. It's simply the hourly rate. Conversely, if you accept the premise that we can't exclude holiday pay, you would also have to include the premium pay that is awarded for working overtime. You would also have to include expense reimbursement, contributions to benefits, other things that the FLSA categorically allows employers to exclude would need to be included under state law. And there's no support for that. And I think Cooner sets forth the analysis that mirrors the Fair Labor Standards Act and says you take all the hours worked, you divide it by 40 in the work week and employees get half of that amount for their overtime. The DWD guidance also is supportive of the conclusion that holiday pay can be excluded. It talks about the regular rate and it talks about premium rate and regular pay. It doesn't talk about adding in holiday pay as part of the calculation. This is very unlike the Colorado case, where their comps order specifically talks about excluding holiday pay, sick pay, and other hours not worked. That's a very distinct difference that we don't have under our state law. Post-Lober Bright, do we have to afford the Department of Labor's interpretation of the deference? Is it Skidmore deference? I don't think our court has yet used Skidmore deference since Lober Bright. And if we do apply Skidmore deference, is it outcome determinative here? I think it would be Skidmore deference. And that interpretation has been around for decades and it's been consistent and it's been right around the same time as the statute was enacted. And I do think it's outcome determinative in this case. Back to the holiday pay claim, the reason the first half of the regulation talks about an hourly rate is not because it's the regular rate, it's because it's capturing employees who could be paid a salary or an hourly rate. If it's a salary, you divide the salary by the hour's work to derive what their hourly rate is. That first bucket, employees have to get one and one-half times that rate in order for that overtime to be excluded from the FLSA calculation. The second category, the group that Ms. Lutz and the other class members are part of, talks about a bona fide rate. As long as you pay one and one-half times, at least one and one-half times the bona fide rate applicable to that work being performed on non-holiday, that pay is excludable from the overtime calculation, which is exactly what Frederick has done in this case. Unless there's any other questions, I'd ask the Court to affirm. Thank you, Mr. Copland. We'll now move back, Mr. Ho, to you for a rebuttal argument. Thank you, Your Honor. I'm going to start with the idea that during the same week, two employees may receive different overall amounts of pay. Congress could have addressed that concern in response to Bay Ridge by writing into the statute a credit equal to the regular rate multiplied by the number of overtime hours worked. Congress did not do that. This Court cannot write into the statute a credit that's not in the statute. And I know that Frederick has not disputed under 207H2, overtime compensation equals 150% of the regular rate. Now you go back to the question of skim work efforts. And this is what this Court said about that in Bailey v. Prager's Innovative Packaging. An agency's interpretation of a statute that only states a conclusion has no power to persuade unless the conclusion is self-evident. It is not self-evident that overtime compensation equals 50% of the regular rate. And that's the Bailey case you're saying? Bailey v. Prager's Innovative Packaging. We cited it in our Supplemental Authority letter. Yes, I recall. And if you look at these Department of Labor guidance, you look at the fact sheet, you look at the calculator, none of that offer any reasoning for Department of Labor's conclusions. And because those conclusions are not self-evident, the agency guidance is not persuasive in this case under skim work. Next, addressing the holiday pay overtime issue. I wonder if the Court noticed the slew of hand by defense counsel. He said, Nicole Lutz is paid at a single hourly rate. That's not what the regulation says. The regulation says hired at a single hourly rate. Someone can be hired at a single hourly rate, they'll still receive all the premiums that an employer offers to all other employees. And that's how you describe the plaintiff. They were hired at a single hourly rate, were eligible for the same amounts of premium pay the employer makes available to all other employees. Therefore, Nicole Lutz and Laura Arena falls into the first group of employees recognized by 778.203A. And nobody has disputed that's a valid regulation. Therefore, because they receive less than time and a half working on the holiday, the holiday premium must be included in the regular rate. Finally, addressing the Wisconsin holiday pay issue. So Freder makes this parade of horribles argument. They say if you allow this, then pay for hours not worked and overtime premiums must also be included in the Wisconsin regular rate. That is simply not correct. So under WSTAT 103.02, overtime pay must equal at least time and a half the regular rate. Under DWD 274.03, only hours worked get included in the overtime pay calculation. So if pay for hours not worked, such as vacation pay, gets included in the regular rate calculation, and the vacation hours are not included as hours worked, the regular rate gets distorted to be in excess of 1.5 times the regular rate. So you don't need 207E to say that lost time, you don't need 207E to say that lost time payments and vacation payments must be removed from the Wisconsin regular rate. Even before 207E, the Supreme Court had already held that there's no requirement to pay overtime and overtime. So it's also not required to include overtime premiums in the regular rate either. Holiday pay is different because Wisconsin does not treat the holiday premium as an overtime premium. The court should follow the logic in Jones versus Dairy Farm. In the Jones Dairy Farm case, reach that conclusion. We ask the court to reverse the grand summary judgment for Freder, reverse the case to the District Court for further proceedings. Thank you, Mr. Hull. Thank you, Mr. Copeland. The case will be taken under advisement.